ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| ALEXANDER CONCEPCIÓN MARTINEZ<br><br>Recurrente<br><br>v.<br><br>NEGOCIADO DE SEGURIDAD DE EMPLEO<br><br>Recurrido | **TA2026RA00128** | *REVISIÓN ADMINISTRATIVA* procedente de Negociado de Seguridad de Empleo<br><br>Caso Núm.: 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-1<br><br>Sobre: Departamento del Trabajo y Recursos Humanos |
|---|---|---|

Panel integrado por su presidente el Juez Bonilla Ortiz, la Jueza Martínez Cordero y el Juez Salgado Schwarz.

Bonilla Ortiz, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 11 de mayo de 2026.

Comparece ante nos el Sr. Alexander Concepción Martínez (señor Concepción o "el recurrente"), por derecho propio e *in forma pauperis*, y nos solicita que revisemos la *Decisión del Secretario del Trabajo y Recursos Humanos* emitida el 9 de febrero de 2026 por el Secretario del Departamento del Trabajo y Recursos Humanos de Gobierno de Puerto Rico (DTRH). Mediante el referido dictamen el Secretario del DTRH confirmó la *Resolución* de la División de Apelaciones del 22 de octubre de 2025, en la cual concluyó que el recurrente era inelegible para los beneficios del seguro por desempleo.

Por los fundamentos que expondremos a continuación, **CONFIRMAMOS** la determinación recurrida.

### I.

Según surge del expediente, el 12 de marzo de 2025, el Negociado de Seguridad de Empleo (NSE o "parte

---

[1] Ver Orden Administrativa OATA-2026-044 del 4 de mayo de 2026.

recurrida") emitió una *Determinación*. En esta, indicó que el señor Concepción dejó el trabajo por razones personales no atribuibles al patrono. Por ello, concluyó que había renunciado a su empleo sin justa causa. Consecuentemente, lo descalificó desde el 2 de marzo de 2025 e indefinidamente "hasta tanto trabaje en empleo cubierto por un periodo no menor de cuatro semanas y gane diez veces su beneficio semanal", en virtud de la Sección 4(B)(2) de la Ley Núm. 74-1956 el 21 de junio de 1956, mejor conocida como la *Ley de Seguridad de Empleo de Puerto Rico*, según enmendada. A su vez, le instruyó que el período de apelación de la determinación terminaba el 27 de marzo de 2025.

No obstante, el 13 de mayo de 2025, el señor Concepción presentó una *Solicitud de Audiencia*.

En atención a ello, el 9 de junio de 2025, notificada el 22 de octubre de 2025, la División de Apelaciones del DTRH emitió una *Resolución*. Mediante esta, confirmó la *Determinación* del NSE. Asimismo, expresó que el recurrente apeló tardíamente, luego de transcurrido el término de 15 días dispuesto en la Sección 5(f) de la *Ley de Seguridad de Empleo*. Agregó que, "[a]l momento de apelar, la parte reclamante tuvo la oportunidad de expresar las razones por las que apelaba tardíamente. Se determina que no acreditó justa causa para apelar tardíamente. Por lo anterior, se ordena el archivo de la apelación."

El 9 de febrero de 2026, la Directora de la Oficina de Apelaciones, emitió una *Decisión del Secretario del Trabajo y Recursos Humanos*. Mediante la cual, confirmó la *Resolución* de la División de Apelaciones del 22 de

octubre de 2025 y declaró al señor Concepción inelegible a los beneficios del seguro por desempleo.

Aún en desacuerdo, el señor Concepción presentó una reconsideración.

Atendido el escrito sometido por el recurrente, el 11 de marzo de 2026, la Directora de la Oficina de Apelaciones, emitió una *Decisión del Secretario del Trabajo y Recursos Humanos en Reconsideración*, la cual indicó lo siguiente:

> En este caso el reclamante-apelante solicitó Reconsideración por no estar de acuerdo con la Decisión del Secretario emitida el 9 de febrero de 2026, mediante la cual confirmó la Resolución de la División de Apelaciones del 22 de octubre de 2025 y declara al reclamante inelegible a los beneficios del seguro por desempleo bajo la Sección 4(b)(2) de la Ley de Seguridad de Empleo de Puerto Rico.
>
> El reclamante no ha presentado justa causa para apelar de forma tardía. El último día para apelar fue el 03/27/25.
>
> Luego de examinar detenidamente el Recurso de Reconsideración presentado por el reclamante, se emite la siguiente:
>
> DECISIÓN
>
> Se declara No Ha Lugar la solicitud de Reconsideración presentada por la apelante.

Insatisfecho, el 20 de marzo de 2026, el señor Concepción presentó el recurso de epígrafe. Aun cuando no esbozó un señalamiento de error en específico, nos solicitó nuestra intervención para que examináramos la determinación recurrida.

El 26 de marzo de 2026, emitimos una *Resolución* concediéndole a la parte recurrida el término dispuesto en nuestro Reglamento, según enmendado, para que se expresara.

Así las cosas, el 27 de abril de 2026, el Departamento del Trabajo y Recursos Humanos,

representado por la Oficina del Procurador General de Puerto Rico presentó su *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación*. En esencia, alegó que el apéndice del recurso es ilegible, por lo que, este Foro está impedido de evaluarlo en sus méritos y procedería su desestimación. No obstante, señaló que en la alternativa procedería la confirmación de la determinación del DTRH.

Contando con la comparecencia de las partes, procedemos a atender el recurso de epígrafe. Veamos

**II.**

La *Ley de Seguridad de Empleo de Puerto Rico*, Ley Núm. 74 del 21 de junio de 1956, según enmendada, 29 LPRA sec. 701 *et seq*, fue aprobada con el propósito de facilitar oportunidades de trabajo por medio del mantenimiento de un sistema de oficinas públicas de empleo y proveer para el pago de compensación a personas desempleadas por medio de la acumulación de reservas. Esta ley establece un esquema remedial para favorecer aquellas personas de nuestra jurisdicción que hubieran quedado desempleadas. *Avon Products, Inc. v. Srio. del Trabajo*, 105 DPR 803 (1977).

Para darle vigencia a este estatuto, la Sección 10 de la *Ley de Seguridad de Empleo* establece un fondo especial, distinto y separado de los fondos del Estado, que constituye un fondo de desempleo y que es administrado por el Secretario del Departamento. 29 LPRA sec. 710. Una vez que un trabajador queda desempleado, dicha ley permite al reclamante presentar una solicitud para que se determine su condición de asegurado. 29 LPRA sec. 702(f).

La precitada Ley será interpretada liberalmente para cumplir con su propósito de promover la seguridad de empleos y proveer para el pago de compensación a personas desempleadas por medio de la acumulación de reservas. Sin embargo, ello no significa que deba interpretarse de manera que se le reconozca beneficios a quienes no cualifican. *Castillo v. Depto. del Trabajo*, 152 DPR 91 (2000). Es evidente que solamente personas desempleadas que sean elegibles recibirán los beneficios por desempleo. *Íd.*

A su vez, establece la ley que un trabajador será elegible para recibir los beneficios de desempleo si cumple con los siguientes requisitos: (a) que haya notificado oficialmente su desempleo; (b) que se haya registrado para trabajar en una oficina del servicio de empleo; (c) que se haya registrado para recibir crédito por semana de espera o sometido reclamación por beneficios; y (d) que participe de los servicios de reempleo disponibles si el reclamante ha sido identificado como un posible agotador de los beneficios regulares con necesidad de recibir servicios de reempleo. 29 LPRA sec. 704(a)(1).

Ahora bien, un trabajador podrá ser descalificado de los beneficios de desempleo si el Negociado determina que la persona incurrió en alguna de las siguientes causas de inelegibilidad: (1) no estaba apto para trabajar o no estaba disponible para realizar un trabajo adecuado; (2) abandonó un trabajo adecuado voluntariamente y sin justa causa; (3) fue despedido o suspendido por conducta incorrecta en relación con su trabajo; (4) sin justa causa hubiere dejado de solicitar un empleo disponible y adecuado a que hubiere sido

referido por una oficina de empleo, o que no aceptara un trabajo adecuado que le fuera ofrecido; (5) por aquella semana en que haya recibido o esté gestionando recibir beneficios por desempleo bajo otra ley; (6) por aquella semana en que la razón de desempleo se deba a un paro o disputa obrera; (7) cuando se cometa fraude en aras de recibir el beneficio; (8) cuando reciba una pensión gubernamental o de cualquier otra naturaleza que corresponda a determinado periodo de trabajo; (9) cuando la cantidad del beneficio semanal que recibiría por desempleo sea igual o menor al pago por vacaciones regulares o por licencia de enfermedad acumulada prorrateada semanalmente; […] (11) cuando el trabajo realizado corresponda a la participación en deportes o a servicios prestados por un extranjero; (12) cuando la persona que reclama el beneficio tenga una deuda por concepto de sustento de menores; entre otras. 29 LPRA sec. 704 (b).

El NSE se creó con el propósito de poner en vigor las disposiciones de la *Ley de Seguridad de Empleo*. Esta ley, entre otros asuntos, establece los requisitos para cualificar para los beneficios por desempleo. *Acevedo v. Western Digital Caribe, Inc.*, 140 DPR 452 (1996). Compete al Director del NSE evaluar la solicitud de beneficios y el cumplimiento con los criterios de elegibilidad bajo el mencionado estatuto. 29 LPRA secs. 704 y 705(d) (1).

La precitada ley provee para que se pueda apelar ante un Árbitro del Departamento la determinación que haga el NSE sobre elegibilidad en cuanto a una solicitud de beneficios por desempleo. 29 LPRA sec. 706(b). Por ello, la Sección 5 de la *Ley de Seguridad de Empleo*

establece el plazo para presentar apelación administrativa ante el Árbitro del Departamento, y en lo aquí pertinente dispone que:

[…]

f) Carácter final de la determinación.— Una determinación será considerada como final a menos que la parte que tenga derecho a ser notificada de la misma solicite su reconsideración o apele de ella dentro de quince (15) días desde que dicha notificación le hubiere sido enviada por correo o de algún otro modo a su última dirección conocida. Disponiéndose, que dicho período puede ser prolongado por justa causa. A los fines del inciso (g) de esta sección, un pago de beneficios será considerado como una determinación, y se dará aviso al reclamante de su elegibilidad para recibir pago por el período cubierto por la misma. […] 29 LPRA sec. 705.

Al mismo tenor, la Sección 6 del *Reglamento para Regular el Pago de Beneficios bajo la Ley de Seguridad de Empleo de Puerto Rico*, Reglamento Núm. 1223 de 27 de diciembre de 1968, según enmendado, indica lo siguiente:

6.1 Apelaciones ante los Árbitros

6.1-1 Radicación y Perfeccionamiento de Apelaciones

Cualquier parte con derecho a ser notificada de una determinación o re determinación podrá apelar de la misma dentro de quince (15) días del envío por correo de dicha determinación o redeterminación a su última dirección conocida, o en ausencia de tal envío por correo, dentro de quince (15) días de la entrega de la misma. La apelación deberá hacerse por escrito, por correo u otro medio electrónico disponible, y será presentada ante la División de Apelaciones dentro del indicado periodo de quince (15) días.

Por lo tanto, la *Ley de Seguridad de Empleo* provee para que la determinación del Árbitro pueda ser objeto de revisión por el Secretario del Departamento. 29 LPRA sec. 706(f). La decisión del Secretario será final, a no ser que alguna de las partes solicite su reconsideración o interponga un recurso de revisión judicial dentro del término jurisdiccional dispuesto para ello. 29 LPRA sec. 706 (i). Tanto la *Ley de Judicatura del Estado Libre Asociado de Puerto Rico de*

*2003*, como el *Reglamento del Tribunal de Apelaciones*, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, al igual que la *Ley de Procedimiento Administrativo Uniforme*, y la *Ley de Seguridad de Empleo*, claramente establecen que el plazo para revisar judicialmente las decisiones finales de las agencias es de treinta (30) días a partir del archivo en autos de copia de notificación de la resolución u orden final del organismo administrativo.

## III.

En el caso de autos, según surge del expediente el 12 de marzo de 2025, el NSE emitió una *Decisión* respecto a la solicitud del recurrente. En esta, le informaron al señor Concepción que el período de apelación de la determinación terminaba el 27 de marzo de 2025. No obstante, conforme surge del expediente, éste presentó su apelación administrativa el 13 de mayo de 2025, fuera del término que establece la *Ley de Seguridad de Empleo* para apelar ante el Árbitro.

En la Sección 5(f) de la *Ley de Seguridad de Empleo*, *supra*, establece que la parte que tenga derecho a solicitar una reconsideración o apelación deberá realizarlo dentro de quince (15) días desde que dicha notificación le fue enviada por correo o de algún otro modo a su última dirección conocida. No obstante, dicho período puede ser prolongado por justa causa.

Aun cuando este Tribunal, en aras de garantizar el acceso a la justicia de una parte que comparece por derecho propio, decide no desestimar el recurso por los incumplimientos reglamentarios señalados por la parte recurrida, un análisis de los méritos del caso nos lleva a confirmar la decisión recurrida. Por lo tanto, el

señor Concepción al haber presentado de manera tardía y sin justa causa su solicitud, procedía desestimarla como correctamente lo realizó el Árbitro y lo confirmó el Departamento.

**IV.**

Por los fundamentos antes expuestos, **CONFIRMAMOS** el dictamen recurrido.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones